WILLIAM G. MALCOLM, #129271
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, California 92612
Phone: (949) 252-9400
Fax:    (949) 252-1032
Email: nathan@mclaw.org

Attorneys for East West Bank

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>AVT, INC., a Nevada Corporation,<br><br><br>Debtor-In-Possession. | Bankruptcy Case Number: 6:15-bk-14464-MW<br><br>Chapter 11<br><br>**EAST WEST BANK'S BRIEF ON THE ISSUE OF CASH COLLATERAL**<br><br>Hearing:<br>Date: August 31, 2015<br>Time: 2:00 p.m.<br>Courtroom: 6C, 411 W. 4th Street, Santa Ana, California 92701 |

**TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR-IN-POSSESSION, PROPOSED COUNSEL FOR THE DEBTOR-IN-POSSESSION, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

East West Bank ("EWB"), the holder of claims secured against all assets of the debtor-in-possession ("Debtor"), including, but not limited to, all of the Debtor's personal property, accounts,

inventory, and proceeds from personal property and/or inventory, hereby submits its brief on the issue of cash collateral in connection with the Debtor's motion for an order authorizing the use of EWB's cash collateral ("Motion"). EWB's brief is based upon the following memorandum of points and authorities, the pleadings on file in this case, any supplemental briefing that the parties may file, and any oral argument and testimony that may be presented at the hearing. Concurrently with this brief, EWB is filing an ex parte application to continue the hearing on the Motion to a date in October, 2015, in order to afford EWB an opportunity to obtain completed appraisals of its collateral.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

At the outset, this case appeared to be relatively straight forward. The Debtor proposed to tender $60,915 per month to EWB as adequate protection and grant EWB a replacement lien on its post-petition assets. In exchange, EWB consented to the use of its cash collateral. However, early on, infirmities in the Debtor's cash flow were revealed and the Debtor rapidly changed its position on the issue of adequate protection. These infirmities necessitated the Debtor's motion for an order approving post-petition financing under § 364(b) ("§ 364 Motion"). Ironically, at the same time the Debtor acknowledged its need for $100,000 in post-petition financing, it determined that EWB was well oversecured and no longer entitled to $60,915 per month in adequate protection payments.

In addition to the Debtor's reversal, the Official Committee of Unsecured Creditor's ("Committee") appeared in connection with the Motion and opposed adequate payments to EWB. Although both the Debtor and the Committee have taken the position that EWB's interest in its collateral is well over-secured, Debtor's sworn schedules and only monthly operating report ("MOR")[1] concern EWB and preclude it from concurring with this position for the following reasons:

(1)    In its sworn Schedules, the Debtor values its Inventory at $3,020,699.20. However in its only MOR, it values its Inventory at $2,656,023.43, a decline of nearly $364,675.77 in less than one month. Although the Debtor's Accounts Receivable ("A/R") increased from $236,088.57 to

---

[1] EWB notes that the Debtor has failed to comply with the requirements of LBR 2015-2(b)(2) by failing to file its June, 2015 MOR by July 15, 2015. The Debtor's failure further inhibits EWB's ability to determine the value of its collateral as well as the financial condition of the Debtor.

Brief                                                             2

$285,872.83, this $49,784.26 increase does not offset the decline in the valuation of the Debtor's Inventory.

(2) The Debtor's valuation of its Inventory and Equipment appears to be based upon replacement value rather than liquidation value. Moreover, its valuations appear to be based upon the hypothetical retail price of finished product rather than the value of Inventory in its current form.

(3) The Debtor includes $4,117,724 in "Software & Licenses" in its MOR. However, these "assets" appear to either have been omitted from the Debtor's sworn schedules or significantly undervalued. This omission raises the specter of overvaluation by the Debtor.

(4) EWB has retained a financial auditor to complete an appraisal of the Debtor's accounts and an appraiser to complete an appraiser of the Debtor's inventory and equipment. However, these appraisals have not been completed. As such, EWB has no objective basis from which to determine the proper means and amount of adequate protection. Although the appraiser retained to appraise the Debtor's inventory and equipment scheduled an inspection for July 24, 2015, this inspection was cancelled by the Debtor's president, Wayne Salvino, ostensibly due to an ongoing audit of the Debtor's accounts by the financial auditor. EWB is informed that the appraiser will promply reschedule the inspection. EWB is further informed that both appraisals will take approximately 30-days from the date of inspection to complete, predicated upon the Debtor's cooperation.

In light of the foregoing, EWB attempted to reach an agreement with the Debtor and Committee on a stipulated continuance of the hearing on the Motion and extension of the interim cash collateral order. However, the Debtor refused to agree to a continuance. Therefore, EWB respectfully requests that the Court continue the hearing to a date in October, 2015, or, in the alternative, permit it to file a supplemental brief upon receipt of the completed appraisal of its collateral[2]. Notwithstanding, it is EWB's position that the Debtor has failed to meet its burden on the issue of adequate protection and that the value of its collateral is far less than the value scheduled by the Debtor; such that the Debtor must provide adequate protection to EWB in the form of periodic cash payments and a replacement lien on post-petition assets.

---

[2] EWB is filing an ex parte application to continue the hearing on the Motion to a date in October, 2015 concurrently herewith.

Brief    3

## II.

## STATEMENT OF FACTS

EWB is the holder of two promissory notes ("Notes"), each in the original principal amount of $1,000,000. The Notes are secured via UCC Financing Statements ("UCC-1") and Commercial Security Agreements against the inventory, chattel paper, accounts, equipment, deposit accounts, and general intangibles of the Debtor ("Collateral").

The Debtor lists EWB's secured claims in its Schedule D. According to the DIP, the claims of EWB are non-contingent, liquidated, and undisputed. Schedule D further reflects that EWB's claims total $206,691.23 and $577,765.95, respectfully. *See* Docket Entry ("DE") 39-1, page 176.

## III.

## DISCUSSION

**A.    Any Proceeds, Products, Offspring, Rents, and Profits are EWB's Cash Collateral.**

Pursuant to § 363(a), any funds generated, or personal property acquired, by the Debtor are EWB's cash collateral. EWB submits that its security interest in inventory, chattel paper, accounts, equipment, deposit accounts, and general intangible acquired post-petition is perfected pursuant to §§ 546(b) and 552(b)[3].

**B.    The Debtor Has Failed to Meet Its Burden on the Issue of Adequate Protection.**

Pursuant to § 363(p)(1), the debtor-in-possession has the burden on the issue of adequate protection. Although the Motion provides that the Debtor will tender $60,915 in adequate protection to EWB on a monthly basis, the Debtor's current position is that EWB is oversecured and not entitled to any payment on account of its use of EWB's cash collateral.

Notwithstanding the Debtor's contention, § 363(e) provides, in pertinent part, that "on request of an entity that has an interest in property used…by the trustee, the court…shall prohibit or condition such use…as is necessary to provide adequate protection of such interest. Although Title 11 does not define what constitutes adequate protection, § 361 provides three non-exclusive methods, to protect a secured creditor from a decrease in the value of the creditor's interest in its collateral, as examples: (1) periodic

---

[3] Neither the Debtor nor the Committee have challenged the validity of EWB's security interest in its collateral.

Brief                                                                 4

cash payments; (2) additional or replacement liens; or (3) other relief resulting in the "indubitable equivalent" of the secured creditor's interest. When devising a proposal for adequate protection of a secured creditor's interest, the proponent "should as nearly as possible under the circumstances of the case provide the creditor with the value of his bargained for rights." *In re American Mariner Industries, Inc.,* 734 F.2d 426, 435 (9th Cir. 1984).

The Supreme Court has determined that "[t]he phrase 'value of such creditor's interest' in § 506(a) means 'the value of the collateral.' .... We think the phrase 'value of such entity's interest' in § 361(1) and (2), when applied to secured creditors, means the same." *United Savings Association v. Timbers of Inwood Forest Associates, Ltd. (Timbers),* 484 U.S. 365, 372, 108 S.Ct. 626, 98 L.Ed.2d 740, 749 (1988). In *Timbers*, the Supreme Court further explained that "[i]t is common ground that the "interest in property" referred to by § 362(d)(1) includes the right of a secured creditor to have the security applied in payment of the debt upon completion of the reorganization; and that that interest is not adequately protected if the security is depreciating during the term of the stay. *Id* at 370. *See also In re Delta Res., Inc.*, 54 F.3d 722, 730 (11th Cir. 1995) (we hold that an oversecured creditor's interest in property which must be adequately protected encompasses the decline in the value of the collateral only, rather than perpetuating the ratio of the collateral to the debt. The bankruptcy court accomplished that by allowing adequate protection in the amount of accruing depreciation).

EWB submits that the value of its collateral is declining. This decline is evidenced by the Debtor's need for $100,000 in post-petition financing and a $364,675.77 decrease in the value of its Inventory since the filing of its petition. Furthermore, EWB anticipates that the appraisals of the Debtor's accounts, inventory, and equipment will reveal that the collateral is currently worth far less than the amount reflected in the Debtor's sworn schedules and the MOR.

### IV.

### CONCLUSION

EWB is filing an ex parte application concurrently herewith; whereby it seeks an order continuing the hearing on the Motion to a date in October, 2015. This continuance is necessary because EWB has not received completed appraisals of the Debtor's accounts, inventory, and equipment. However, even in the absence of appraisals, EWB is concerned by the Debtor's rapid change of position

on adequate protection payments to EWB, seemingly based upon an inability to anticipate its cash flow, and apparent ignorance of the value of its assets.

DATED: July 22, 2015

Respectfully Submitted,
MALCOLM ♦ CISNEROS, A Law Corporation

By: */s/ Nathan F. Smith*
NATHAN F. SMITH
Attorneys for East West Bank

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Malcolm ♦ Cisneros, A Law Corporation
2112 Business Center Drive
Irvine, CA 92612

A true and correct copy of the foregoing document entitled: **EAST WEST BANK'S BRIEF ON THE ISSUE OF CASH COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 22, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Attorneys for Debtor:  Marc C Forsythe; kmurphy@goeforlaw.com and Charity J Miller; cmiller@goeforlaw.com
United States Trustee (RS):  ustpregion16.rs.ecf@usdoj.gov
Attorney for U.S. Trustee:  Everett L Green; everett.l.green@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On July 22, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge's Copy:  Honorable Mark S. Wallace, 411 West Fourth Street, Santa Ana, CA 92701-4593
Debtor:  AVT, Inc., 341 Bonnie Circle, Suite 102, Corona, CA 92880

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| July 22, 2015 | Katelyn Knapp | /s/ Knapp |
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.