Marc C. Forsythe - State Bar No. 153854
Charity J. Miller – State Bar No. 286481
**GOE & FORSYTHE, LLP**
18101 Von Karman Ave., Ste. 510
Irvine, CA 92612
Email: mforsythe@goeforlaw.com
     dreid@goeforlaw.com
     cmiller@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:  (949) 955-9437

Attorneys for AVT, Inc., debtor and debtor-in-possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>AVT, INC., a Nevada corporation,<br><br>     Debtor and Debtor in Possession. | Case No.  6:15-bk-14464 MW<br><br>Chapter 11 Case<br><br>**DEBTOR'S BRIEF IN OPPOSITION TO EAST WEST BANK'S BRIEF ON THE ISSUE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORTITIES; DECLARATIONS OF MARC C. FORSYTHE AND WAYNE SALVINO IN SUPPORT**<br><br>**Hearing:**<br>Date:     August 31, 2015<br>Time:     2:00 p.m.<br>Courtroom: 6C, 411 West Fourth Street,<br>     Santa Ana, California 92701 |

**TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUTPCY JUDGE, EAST WEST BANK, THE COMMITTEE OF UNSECURED CREDITORS, THE UNITED STATES TRUSTEE, AND TO ALL INTERESTED PARTIES:**

AVT, Inc., debtor and debtor in possession herein ("Debtor") hereby files its brief in opposition ("Opposition Brief") to East West Bank's ("EWB") Brief on the Issue of Cash Collateral ("Brief") [Docket No. 131]. This Opposition Brief is based on the attached Memorandum of Points and Authorities and the Declarations of Marc C. Forsythe ("Forsythe Dec.") and Wayne Salvino ("Salvino") ("Salvino Dec.") filed herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

On July 10, 2015, for the very first time since the Debtor filed its voluntary petition on May 1, 2015 under chapter 11 of Title 11 of the United States Code (the "Petition Date"), East West Bank contacted Debtor with a specific proposal to inspect the Debtor's collateral and conduct an appraisal of the same.  Soon after EWB retained its present counsel and early in the case, EWB requested permission to conduct an appraisal and Debtor immediately agreed to cooperate.  EWB's delay in waiting until July 16, 2015, (eight days after its brief was due pursuant to the Court's Order Continuing Hearing on Use of Alleged Cash Collateral of East West Bank and Setting Evidentiary Hearing entered on June 29, 2015 [Docket No. 102]), to arrange for an appraisal is the real reason EWB seeks, via a separately filed *ex parte* application, to continue the evidentiary hearing set by the Court.  EWB's implication that its delay is due to Debtor is demonstrably false.

Furthermore, EWB questions Debtor's valuations of assets in its May monthly operating report ("MOR") and originally filed schedules.  Even utilizing the lowest figures noted in EWB's Brief as a basis of valuation, EWB is adequately protected by a huge equity cushion.  Indeed, based on Debtor's June MOR, and the June loan statements from EWB for both loans, EWB is protected by a huge equity cushion of **84%**.

Finally, EWB complains that its request to continue the August 31, 2015, evidentiary hearing ("Evidentiary Hearing") was declined.  EWB's request was only declined by Debtor and the Creditors Committee due to EWB's refusal to return the post-petition funds drawn in violation of two separate Orders of the Court.  Debtor was willing to agree to a continuance if EWB would rectify its violations of the Court's Orders and return the improperly drafted funds, which request was refused.  If EWB requires additional time to conduct its appraisal because of its own inaction and delay, EWB should be ordered to return the aforementioned payments pending any continuance of the Evidentiary Hearing.

\\\

## II.     FACTUAL BACKGROUND

1.     On May 1, 2015, AVT, Inc., a Nevada corporation, filed a voluntary petition under chapter 11 of Title 11 of the United States Code commencing this case (the "Petition Date"). [*See* Salvino Dec, ¶ 2.]

2.     At the time Debtor filed this case, its only secured creditor with an interest in cash collateral was EWB, which was owed an approximate total of $697,949.84 on two promissory notes secured by a UCC-1 filing. [*See* Salvino Dec., ¶ 3.]

3.     According to the loan statements sent to Debtor by EWB for the month of June, Debtor owes an outstanding balance to $642,485.88[1]. [*See* Salvino Dec., ¶ 4.] True and correct copies of said loan statements are attached to the Salvino Dec. as **Exhibit "1"** and incorporated herein.

4.     On May 6, 2015, Debtor filed an emergency motion for an order authorizing the use of alleged cash collateral of EWB ("Cash Collateral Motion") [Docket No. 5]. [*See* Forsythe Dec., ¶ 2.]

5.     On May 14, 2015, Nathan Smith of Malcolm Cisneros, counsel for East West Bank, contacted Debtor's counsel, Marc Forsythe, and requested permission to conduct an appraisal of Debtor's collateral. [*See* Forsythe Dec., ¶ 3.]

6.     On May 18, 2015, Mr. Forsythe responded to Mr. Smith's request, agreeing to the same, but requesting that EWB merely provide Debtor with notice of the timing and logistics of the same. **EWB never requested dates for an inspection until July 10, 2015 – fifty-one (51) days later**. [*See* Forsythe Dec., ¶ 4.]

7.     On June 9, 2015, a second hearing was held on Debtor's Cash Collateral Motion, at which the Court ordered that no payments were to be made to EWB until further order of the Court. That hearing was continued to June 23, 2015. [*See* Forsythe Dec., ¶ 5.]

---

[1] In its Brief, EWB cites to the amount of the debt Debtor scheduled as owing to EWB. While Debtor may need to amend its schedules as this amount may inadvertently be overstated based on the statements it had on hand on the Petition Date, which were for the month of April, it is undisputed that Debtor was current on its loan as of the Petition Date and EWB has three post-petition payments in its possession to be counted against the amount owed as of May 1, 2015, whatever that amount was.

8.      On June 10, 2015, EWB drew $60,915.46 from Debtor's DIP account (the "June Payments"), reflecting two payments, as Debtor was unable to cancel its automatic payment arrangement previously set up with EWB. [*See* Forsythe Dec., ¶ 6.]

9.      On June 23, 2015, the Court held a hearing on the Cash Collateral Motion and, based upon the parties understanding and mistaken belief as to the number of post-petition payments in the possession of EWB, the Court ordered that EWB could retain one post-petition payment in the amount of $30,457.73. [*See* Forsythe Dec., ¶ 7.]

10.     Debtor has attempted, since June 10, 2015, to obtain the return of the June Payments, and a third post-petition payment that was drawn by EWB on July 2, 2015, which EWB finally agreed to return weeks later, after a protracted and unexplained delay. [*See* Forsythe Dec., ¶ 8.]

11.     On July 10, 2015, Nathan Smith, for the very first time since the Court entered its Order on June 29, 2015, contacted Debtor's counsel to confer and set up a time for EWB's appraisers to conduct their appraisal. [*See* Forsythe Dec., ¶ 9.]

12.     On July 15, 2015, Herman Chan ("Chan") of cBase Solutions, an auditing firm hired by EWB, contacted Debtor's President, Salvino, stating, "…please call me at your earliest convenience so that we can arrange an audit start date."   [*See* Salvino Dec., ¶ 5.]

13.     On July 16, 2015, EWB's appraiser, Jay, Coby & Marley ("JCM") contacted Salvino, requesting to conduct its appraisal on July 24, 2015.  A true and correct copy of the July 16, 2015 email is attached as **Exhibit "2"** to the Salvino Dec. [*See* Salvino Dec., ¶ 6.]

14.     Also on July 16, 2015, JCM sent an extensive request to Debtor for financials.  A true and correct copy of the request is attached as **Exhibit "3"** to the Salvino Dec. [*See* Salvino Dec., ¶ 7.]

15.     On Sunday, July 19, 2015, Chan also sent an email to Salvino with an extensive, additional document request.  A true and correct copy of the additional request is attached as **Exhibit "4"** to the Savlino Dec.  [*See* Salvino Dec., ¶ 8.]

4

16.    Beginning Monday, July 20, 2015, and every day through Thursday, July, 23rd, Chan was at Debtor's business premises working with Debtor's staff, who were cooperating fully with EWB's auditor.  [*See* Salvino Dec., ¶ 9.]

17.    On July 22, 2015, Salvino emailed Dave Bruglio of JCM stating, "[o]ur staff is currently working with East West Bank supplying documentation for the auditor who is currently on site.  I think we will have to postpone your visit to give us time to compile the information you will need to complete the appraisal.  I will have a better idea after today regarding what additional information EWB will need.  At that time I can estimate how long it will take to compile your wish list. Wayne." [*See* Salvino Dec., ¶ 10.]

18.    As set forth in Debtor's Emergency Motion [Docket No. 5], Debtor had 28 employees when this case was filed and presently has fewer than that.  Debtor does not have a large administrative or accounting staff and was diligently cooperating with EWB to assist its auditors despite this limitation.  [*See* Salvino Dec., ¶ 11.]

19.    According to the most recent figures prepared by Debtor's accountants on an accrual basis, and certified as correct by Salvino in Debtor's June MOR, Debtor' assets currently total $8,924,911.09.  A true and correct copy of the June MOR is attached as **Exhibit "5"** to the Salvino Dec.  [*See* Salvino Dec., ¶ 13.]

20.    Prior to filing its *ex parte* application, EWB requested a continuance of the Evidentiary Hearing.  Debtor was willing to stipulate to this request if EWB would return the June Payments.  EWB refused, which is why the Debtor and Creditors Committee declined EWB's request for a continuance.  [*See* Forsythe Dec., ¶ 10.]

III.    **ARGUMENT**

A.    **EWB's Failure To Comply With The Court's Deadline Is Attributable Only To The Conduct Of EWB.**

In an attempt to obfuscate the facts in this case and cast blame on the Debtor where none is due, EWB has implied in its Brief that it requires a continuance of the Evidentiary Hearing because of a request by Salvino to push out the agreed upon July 24, 2015, date for JCM's

1   appraiser to inspect the collateral.  Given EWB's contention that it requires "30 days from the date

2   of the respective inspection" to complete its appraisal, EWB's need for a continuance of the

3   Evidentiary Hearing clearly is irrespective of Salivno's request to push out the July 24, 2015 date.

4   Furthermore, in its Brief, EWB fails to mention that: (1) JCM contacted Debtor for the first time

5   on July 16, 2015, to set a date and time for it to inspect the collateral, and propounded an

6   extensive request for financials and documents which Debtor has diligently provided; (2) that

7   Salvino's request was made many days after EWB's Brief was due; and (3) that EWB's auditors

8   were physically at Debtor's business premises for most of the week of July 20, 2015, days prior to

9   July 24, 2015.  EWB also fails to mention that Debtor has been fully cooperative with both of the

10   entities conducting the audit and appraisal on behalf of EWB.

11        EWB also seeks leniency for its delay due to Debtor's refusal to stipulate to a continuance

12   of the Evidentiary Hearing date.  Though Debtor and the Committee were not required to

13   acquiesce to such a demand, Debtor agreed to a continuance on the condition that EWB comply

14   with the Court's orders regarding post-petition payments, which EWB refused to do.

15        **B.**     <u>**EWB Is Massively Over Secured And Protected By A Huge Equity Cushion.**</u>

16        EWB, the only secured creditor of Debtor holding an interest in the cash collateral, is

17   indisputably adequately protected by a massive equity cushion.  Courts have consistently held that

18   an adequate equity cushion is sufficient to provide adequate protection in the absence of periodic

19   cash payments.  In <u>*In re Mellor*</u>, the seminal case on this issue which is directly on point, the

20   Ninth Circuit held:

21          Although the existence of an equity cushion as a method of adequate protection is not

22          specifically mentioned in § 361, it is the classic form of protection for a secured debt
       justifying the restraint of lien enforcement by a bankruptcy court. <u>In re Curtis</u>, 9 Bankr. at

23          112. In fact, it has been held that the ***<u>existence of an equity cushion, standing alone, can</u>***
       ***<u>provide adequate protection</u>***. <u>*In re San Clemente Estates*</u>, 5 Bankr. 605, 610 (Bankr. Ct.
       S.D. Cal. 1980); <u>*In re Tucker*</u>, 5 Bankr. 180, 182 (B.Ct. S.D. N.Y. 1980); *2 Collier on*

24          *Bankruptcy*, § 361.02[3] at 361-9; (15th ed. 1979). A sufficient equity cushion has been
       found to exist although not a single mortgage payment had been made.

25   <u>*In re Mellor*</u>, 734 F.2d 1396, 1400 (9th Cir. 1984) (emphasis added).

26        EWB questions the Debtor's valuation of its assets in attempt to argue the unsustainable

27   position that it may not be adequately protected by a huge equity cushion. Whether based on

28

Debtor's schedules or its May MOR, Debtor owns assets in the millions of dollars, and well above EWB's claim of less than $700,000.00[2] such that EWB is more than adequately protected. According to present figures reported in Debtor's June 2015 MOR, which figures are based on an accrual basis valuation, Debtor owns assets in the total amount of $8,924,911.09.  In calculating EWB's equity cushion based on this figure, as compared to the current debt owed to EWB according to its own loan statements, EWB has an equity cushion of approximately **84%**. Furthermore, "[c]ase law has almost uniformly held that an equity cushion of 20% or more constitutes adequate protection."[3]

Therefore, EWB's failure to timely appraise Debtor's assets is likely inconsequential to an analysis of EWB's massive equity cushion, which according to the best evidence of Debtor's current assets and liability to EWB, is more than three times the equity cushion required to establish adequate protection based on an equity cushion in lieu of periodic cash payments.

## IV.    CONCLUSION

Because EWB is adequately protected by an enormous equity cushion and is Debtor's only secured creditor with an interest in the cash collateral, there is no reason to further delay this dispute, especially in light of EWB's inexcusable actions in causing such delay.  Debtor believes it is more than reasonable to make non-default, interest-only, payments to EWB in accordance with the request of the Committee.

DATED:  July 30, 2015

Respectfully submitted,

**GOE & FORSYTHE, LLP**

By: /s/Marc C. Forsythe_____
Marc C. Forsythe, Counsel for AVT, Inc.,
Debtor and Debtor-in-Possession

---

[2] The loan statements sent to Debtor by EWB reflect an outstanding balance of $642,485.88. This figure appears to only account for the one post-petition payment EWB was permitted to retain from Debtor but does not appear to reflect the additional two payments drafted of approximately $60,000.00

[3] *In re Kost*, 102 B.R. 829, 831-832 (D. Wyo. 1989) citing *In re San Clemente Estates*, 5 B.R. 605 (Bankr. S.D. Ca. 1980); *In re Ritz Theatres*, [68 B.R. 256 (Bankr. M.D. Fla. 1987)] (38% is adequate); *In re Dunes Casino Hotel*, 69 B.R. 784 (Bankr. D.N.J. 1986) (30% is adequate); *In re Helionetics*, 70 B.R. 433 (Bankr. C.D. Ca. 1987) (20.4% is adequate); and, *In re Mellor*, [734 F.2d 1396 (9th Cir. 1984)] (20% is adequate).

## DECLARATION OF MARC C. FORSYTHE

I, Marc C. Forsythe, declare and state:

1.    I am a member of the law firm of Goe & Forsythe, LLP, counsel for the AVT, Inc., the Debtor and Debtor-in-Possession herein (the "Debtor"). The matters stated are true and correct and within my own personal knowledge and belief, and if called I would competently testify thereto.

2.    On May 6, 2015, Debtor filed certain emergency motions, including a request for an order approving the usage of East West Bank's ("EWB") alleged cash collateral (the "Cash Collateral Motion") [Docket No. 5].

3.    On May 14, 2015, Nathan Smith of the firm Malcolm Cisneros, counsel for East West Bank in this case, contacted me and requested permission to conduct an appraisal of Debtor's collateral.

4.    On May 18, 2015, I responded to Mr. Smith's request, agreeing to the same, but requesting that EWB merely provide Debtor with notice of the timing and logistics of the same. **EWB never requested dates for an inspection until July 10, 2015 – fifty-one (51) days later**.

5.    On June 9, 2015, a second hearing was held on Debtor's Cash Collateral Motion, at which the Court ordered that no payments were to be made to EWB until further order of the Court. That hearing was continued to June 23, 2015.

6.    On June 10, 2015, EWB drew $60,915.46 from Debtor's DIP account (the "June Payments"), reflecting two payments, as Debtor was unable to cancel its automatic payment arrangement previously set up with EWB.

7.    On June 23, 2015, the Court held a hearing on the Cash Collateral Motion and, based upon the parties understanding and mistaken belief as to the number of post-petition payments in the possession of EWB, the Court ordered that EWB could retain one post-petition payment in the amount of $30,457.73.

8.    Debtor has attempted, since June 10, 2015, to obtain the return of the June Payments, and a third post-petition payment was drawn by EWB on July 2, 2015, which EWB

1    finally agreed to return weeks later, after a protracted and unexplained delay.

2        9.      On July 10, 2015, for the very first time since the Court entered, on June 29, 2015,

3    the Order Continuing Hearing on Use of Alleged Cash Collateral of East West Bank and Setting

4    Evidentiary Hearing (the June 29th Order), Nathan Smith contacted me to confer and set up a time

5    for EWB's appraisers to conduct their appraisal.

6        10.     EWB requested a continuance of the evidentiary hearing set by the Court in the

7    June 29th Order. Debtor was willing to stipulate to this request if EWB would return the June

8    Payments. EWB refused, which is why the Debtor and Creditors Committee declined EWB's

9    request for a continuance.

10       I declare, under penalty of perjury under the law of the United States, that the foregoing is

11   true and correct. Executed this 30th day of July, 2015, at Irvine, California.

12

13                                                      /s/ Marc C. Forsythe
                                                         Marc C. Forsythe

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF WAYNE SALVINO

I, Wayne Salvino, declare:

1.    I am the President of AVT, Inc. (the "Debtor"). The following facts are within my own personal knowledge and if called upon as a witness, I could and would competently testify thereto.

2.    On May 1, 2015, AVT, Inc., a Nevada corporation, filed a voluntary petition under chapter 11 of Title 11 of the United States Code commencing this case (the "Petition Date").

3.    At the time Debtor filed this case, its only secured creditor with an interest in cash collateral was East West Bank ("EWB"), which was owed an approximate total of $697,949.84 on two promissory notes secured by a UCC-1 filing.

4.    According to the loan statements sent to Debtor by EWB for the month of June, Debtor owes an outstanding balance to EWB of $642,485.88. True and correct copies of said loan statements are attached hereto as **Exhibit "1"** and incorporated herein.

5.    On July 15, 2015, Herman Chan ("Chan") of cBase Solutions, an auditing firm hired by EWB, emailed me and stated, "…please call me at your earliest convenience so that we can arrange an audit start date."

6.    On July 16, 2015, EWB's appraiser, Jay, Coby & Marley ("JCM") contacted me, requesting to conduct its appraisal of the collateral on July 24, 2015. A true and correct copy of this email is attached hereto as **Exhibit "2"** and incorporated herein.

7.    Also on July 16, 2015, JCM sent an extensive request to Debtor for financials. A true and correct copy of said request is attached hereto as **Exhibit 3** and incorporated herein.

8.    On Sunday, July 19, 2015, Chan also emailed me with an extensive, additional document request. A true and correct copy of this document request is attached hereto as **Exhibit "4"** and incorporated herein.

9.    Beginning Monday, July 20, 2015, and every day through Thursday, July, 23, Chan was at Debtor's business premises working with Debtor's staff including myself, with our full cooperation.

10.    On July 22, 2015, due of having spent all week working with Chan at Debtor's

premises, which took our attention away from our daily operations, I emailed Dave Bruglio of JCM and stated, "[o]ur staff is currently working with East West Bank supplying documentation for the auditor who is currently on site. I think we will have to postpone you visit to give us time to compile the information you will need to complete the appraisal. I will have a better idea after today regarding what additional information EWB will need. At that time I can estimate how long it will take to compile your wish list."

11.    As of the Petition Date, Debtor had 28 employees and presently has fewer than that. Debtor does not have a large administrative or accounting staff and was diligently cooperating with EWB to assist its auditors to the best of its ability given this limitation.

12.    JCM never responded to my July 22, 2015, request. I am informed that instead, its attorneys filed a motion to continue the evidentiary hearing set for August 31, 2015, instead of contacting me.

13.    According to the most recent figures prepared by Debtor's accountants on an accrual basis, which are reflected in Debtor's June monthly operating report, Debtor' assets are currently total $8,924,911.09. True and correct copies of the relevant portions of Debtor's June, 2015, monthly operating report are attached hereto as **Exhibit "5"** and incorporated herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 30th day of July, 2015, at Corona, California.

By: _____

Wayne Salvino

# EXHIBIT 1

# EXHIBIT 1

**EAST WEST BANK**
PO Box 60020 • City of Industry, CA 91716-0020
(877) 392-6868 • (626) 371-8900

## LOAN STATEMENT



RECEIVED
6/22/15

| | |
|---|---|
| OZ 01    002 | RETURN SERVICE REQUESTED |
| AVT, INC. | |
| 341 BONNIE CIR # 102 | |
| CORONA CA 92880 | |

00102
nwy4a

| Account/Note Number | 1110-00001 |
|---|---|
| Statement Date | 06/08/15 |
| Officer | PAUL L BRANKS |
| Branch Number | 8031 |
| Current Balance | $147,656.50 |
| Payment Due Date | 06/19/15 |
| | |
| Amount Due | $62,742.26 |

*Call 626-371-8700 with questions on your bill.*

### SUMMARY

| Note/Category | Current Balance | Interest Rate | Maturity Date | Description | Amount Due |
|---|---|---|---|---|---|
| 00001/C | 147,656.50 | 6.000000 | 09/19/15 | Principal Payment | 29,694.52 |
| | | | | Past Due Principal | 29,719.13 |
| | | | | Interest To 06/19/15 | 762.89 |
| | | | | Past Due Interest | 738.28 |
| | | | | Late Charges Due | 1,827.44 |
| | | | | **Total Due On 06/19/15** | **$62,742.26** |

### YEAR-TO-DATE SUMMARY

| | | | |
|---|---|---|---|
| Interest Paid | 4,468.32 | Escrow Interest Paid | 0.00 |
| Unapplied Funds | 0.00 | Escrow Balance | 0.00 |
| Taxes Disbursed | 0.00 | | |

Please return the bottom portion of the statement with your loan payment.

AVT, INC.
341 BONNIE CIR # 102
CORONA CA 92880

*After 06/29/15 a late charge of $1,827.44 will be assessed.*

Please remit and make check payable to:

EAST WEST BANK
P.O. BOX 60021
CITY OF INDUSTRY, CA 91716-0021

| Account/Note Number | 1110-00001 |
|---|---|
| Payment Due Date | 06/19/15 |
| | |
| Amount Due | $62,742.26 |

Additional Prin, Int, Escrow, Fees:

_____    _____

_____    _____

Amount Enclosed    _____

102-I-07

☐   Check here for change of address or phone number and indicate changes.

3072    rev 04-11

EXHIBIT "1"

PAGE 12

EAST WEST BANK *...with advantage*

PO Box 60020 • City of Industry, CA 91716-0020
(877) 392-6868 • (626) 371-8900

## LOAN STATEMENT

AVT, INC.

Account Number ████1110
Statement Date        06/08/15

| Note Number | Payment Due Date | Payment Amount | Principal | Interest | Other | Escrow |
|---|---|---|---|---|---|---|
| | | **UNPAID BILL INFORMATION** | | | | |
| 00001 | 05/19/15 | 30,457.41 | 29,719.13 | 738.28 | 0.00 | 0.00 |

108

3072    rev 04-11

EAST WEST BANK

Page 1 of 1

PO Box 60020 • City of Industry, CA 91716-0020
(877) 392-6868 • (626) 371-8900

## LOAN STATEMENT

RECEIVED

OZ 01    002    RETURN SERVICE REQUESTED
AVT, INC.
341 BONNIE CIR SUITE 102
CORONA CA 92880

00044
q6p4a

| Account/Note Number | ███1126-00001 |
|---|---|
| Statement Date | 06/23/15 |
| Officer | PAUL L BRANKS |
| Branch Number | 8031 |
| Current Balance | $494,829.38 |
| Payment Due Date | 07/02/15 |
| Amount Due | $30,457.73 |

*Your Account Number* ███*5218 Will Be Charged*
*Call 626-371-8700 with questions on your bill.*

## SUMMARY

| Note/Category | Current Balance | Interest Rate | Maturity Date | Description | Amount Due |
|---|---|---|---|---|---|
| 00001/C | 494,829.38 | 6.000000 | 11/02/16 | Principal Payment | 27,946.57 |
| | | | | Interest To 07/02/15 | 2,511.16 |
| | | | | Total Due On 07/02/15 | $30,457.73 |

## YEAR-TO-DATE SUMMARY

| Interest Paid | 17,938.31 | Escrow Interest Paid | 0.00 |
|---|---|---|---|
| Unapplied Funds | 0.00 | Escrow Balance | 0.00 |
| Taxes Disbursed | 0.00 | | |

Please return the bottom portion if you are making an additional loan payment.

AVT, INC.
341 BONNIE CIR SUITE 102
CORONA CA 92880

*After 07/13/15 a late charge of $1,827.46 will be assessed.*

Please remit and make check payable to:

EAST WEST BANK
P.O. BOX 60021
CITY OF INDUSTRY, CA 91716-0021

| Account/Note Number | ███1126-00001 |
|---|---|
| Payment Due Date | 07/02/15 |
| Amount Due | $30,457.73 |

Additional Prin, Int, Escrow, Fees:

_____    _____

_____    _____

Amount Enclosed    _____

☐  Check here for change of address or phone number and indicate changes.

EXHIBIT "1"    PAGE 14

3072    rev 04-11

# EXHIBIT 2

# EXHIBIT 2



**From:** Dave Briguglio [mailto:davidb@jaycobbmarley.com]
**Sent:** Thursday, July 16, 2015 3:35 PM
**To:** wayne salvino <waynes@avtinconline.com>
**Cc:** mforsythe@geoforlaw.com; nathan@mclaw.org; 'Paul Branks' <Paul.Branks@eastwestbank.com>; 'Glenn Bandy' <glennb@jaycobbmarley.com>
**Subject:** RE: Pending Appraisals

Hi Wayne –

Small correction, July 24th.

Best,

David Briguglio

---

**From:** Dave Briguglio [mailto:davidb@jaycobbmarley.com]
**Sent:** Thursday, July 16, 2015 3:32 PM
**To:** 'waynes@avtinconline.com'
**Cc:** 'mforsythe@geoforlaw.com'; 'nathan@mclaw.org'; 'Paul Branks'; 'Glenn Bandy'
**Subject:** Pending Appraisals

Hi Wayne –

Thank you for taking the time to speak with me this afternoon, I appreciate it.  Per our discussion, our firm will be performing the inventory, vending route and equipment appraisals for AVT. I have blocked out June 24th for a potential site visit date.

I attached a copy of our WishList to this email so your team can be prepared for the site visit. I will also bring a copy of the prior inventory appraisal so we can go through each section to notate any changes.  After reviewing the WishList, let me know if June 24th still works on your end. If you have any questions about the WishList, availability or anything else please feel free to give me a call.

Thank you and best regards,

David J. Briguglio
*Vice President*
*Senior Appraiser*



Jay, Cobb & Marley
2920 E. Inland Empire Blvd.
Suite 105
Ontario, CA  91764
800-304-4769 (Toll Free)
909-296-4877 (Direct)
909-980-5092 (Main Office)
949-554-4698 (Cell)
909-980-9469 (Fax)
Davidb@jaycobbmarley.com

IMPORTANT NOTICE: This e-mail message is intended to be received only by persons entitled to receive the confidential information it may contain. E-mail messages to clients of "AVT Inc." may contain information that is confidential and legally privileged. Please do not read, copy, forward, or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it to the sender and delete it completely from your computer system.

# EXHIBIT 3

# EXHIBIT 3



JAY, COBB & MARLEY

1.    **DOWN LOAD** to **an Excel** spreadsheet file, a current Perpetual Inventory Report.  Please include the following information.  (If possible in one file, if not in separate files.)

---

**(Field 1)**  ITEM (SKU #)

**(Field2)** INVENTORY CLASS OR PRODUCT CODE

**(Field 3)**  DESCRIPTION OF PRODUCT

(**Field 4**) LOCATION CODE

**(Field 5)** FOR FINISHED GOODS INVENTORY, SALES OVER THE LAST 12 MONTHS AND SALES OVER THE LAST 6 MONTHS, BY # OF ITEMS SOLD.

**(Field 6)**  # OF ITEMS IN INVENTORY NOW

**(Field 7)**  COST PER ITEM

**(Field 8)**  SELLING PRICE (AVG) (OR TOTAL SALES FOR SKU)

**(Field 9)** COMPONENT PARTS USAGE BY SKU

The fields may be in any order, just let us know the titles of the fields and the time period

---

2.    A Year End Perpetual Inventory Report for all SKUs and Divisions, preferably in an Excel format.

3.    Current **Open Orders Report** by <u>SKU</u>, preferably in an Excel format, listing all orders currently pending shipment to a customer.  If possible, this should be integrated with #1 above.

4.    Please provide a full breakdown of **inventory identification codes** or any key for category groupings.

5.    Listing of the **Top 20 Customers** (or whatever makes sense), with the most dollar volume sold for the last 12 months and the last 6 months (electronic format is preferred, but not necessary).  Please also include "all other" sales in a lump sum for the same time periods so that we can address any customer concentrations.

6.    Clean **year end statements** for the last two years and **detailed monthly statements** for the YTD.  Please include <u>detailed operating expenses</u> by location (electronic format is preferred but not necessary).

7.    Names and locations of top five **competitors** in each area (electronic format is preferred but not necessary).



JAY, COBB & MARLEY

8.    **Seasonality** -12 month gross sales by month and 12 month historic inventory level by location, or by product group.  This is so that we can graph the inventory trends as compared to anticipated sales (electronic format is preferred but not necessary).

9.    Copies of any current **Distribution agreements** (electronic format is preferred but not necessary).

10.    List of all **locations** (including inventory at **outside vendors**) (electronic format is preferred but not necessary).  Please include:
      a. Address
      b. Square Footage
      c. Business Use

11.    Product Line: Please provide a full description via **catalogues**, point of sale material, etc.

12.    Listing of the top **suppliers or vendors.**  Please provide total dollar volume of purchases for the last twelve (12) months and the last six (6) months as well as a description of the product they supply (electronic format is preferred but not necessary).

13.    Do you track obsolescence?  If so, please provide your most recent **Obsolescence or Slow Moving**  Report (electronic format is preferred but not necessary).

14.    Please provide a list of all **trade names**, brand names, licenses, permits, grandfather rights, distribution rights, patents, trademarks, copyrights, etc.

15.    Does the Company currently have any **Inventory In Transit**?  If so, please provide a detailed listing by SKU number.

16.    Listing of any/all inventory located Offsite (3rd party warehouses, storage, samples, etc.)

17.    Detailed information on the **Vending Routes**: number of routes, location of each route, revenues by location, sample agreements for routes, type of machine at each location.

18.    **Accounts Receivables** and **Accounts Payables** aging.

19.    Detailed **Equipment List and/or Hard Asset List:** to include the make, model and serial # (if applicable).

20.    **Depreciation Schedule** related to Equipment List/Hard Asset List.

# EXHIBIT 4

# EXHIBIT 4

 EAST WEST BANK

| Document Request for EWB Field Exam |
|---|

*Examiner:*      Herman Chan
*Examiner Firm:*      cBase Solutions Corp.
*Phone #:*      (213) 810-6888

> This request is for the basic exam research documents, additional ancillary documents or reports may be requested.
> Request documents in Excel format.
> Statements are acceptable as pdf files or hard copies.
> A/R Invoices, credit memos and A/P invoices will be requested after review of source journals and detail reports.

| Group Type | Item # | Description of Record | Period | File Format |
|---|---|---|---|---|
| **Financials** | | | | |
| | 1 | Financial Statement- Outside Accountant | Latest FYE | Pdf |
| | 2 | Financial Statement- Internal Prepared (MTD/YTD) | Latest 6 Month Ends | MS Excel |
| | 3 | G/L Trial Balance | Latest 12 Months | MS Excel |
| | 4 | Adjusting Journal Entries- Outside Accountant | FYE | MS Excel |
| | 5 | Adjusting Journal Entries- Internal Prepared | Latest 12 Months | MS Excel |
| **Accounts Receivable** | | | | |
| | 6 | G/L Transaction Detail: A/R account | Latest 12 Month Ends | MS Excel |
| | 7 | Accounts Receivable Summary Aging (Invoice date basis) | Latest 13 Month Ends | MS Excel |
| | 8 | Accounts Receivable Detail Aging (Invoice date basis) | Latest 1 Month End | MS Excel |
| | 9 | Customer Address List | Current Report | MS Excel |
| | 10 | Sales Backlog Report | Current Report | MS Excel |
| | 11 | Reconciliation A/R Aging to G/L | Latest Month End | MS Excel |
| **Accounts Payable** | | | | |
| | 12 | G/L Transaction Detail: A/P account | Latest 6 Month Ends | MS Excel |
| | 13 | Accounts Payable Summary Aging (Invoice date basis) | Latest 6 Month Ends and one month prior year | MS Excel |
| | 14 | Accounts Payable Detail Aging (Invoice date basis) | Latest 1 Month End | MS Excel |
| | 15 | Reconciliation A/P Aging to G/L | Latest Month End | MS Excel |
| | 16 | Held Checks | As of Audit Date | MS Excel |
| **Inventory** | | | | |
| | 17 | Inventory Detail Report | Latest Month End | MS Excel |
| | 18 | Inventory Detail Report | Current File, to be Requested | MS Excel |
| | 19 | Inventory Detail Report by Purchase/Received Date | Latest Month End | MS Excel |
| | 20 | Slow Moving / Obsolete Inventory Report | Latest Month End | MS Excel |
| | 21 | Reconciliation Detail Report to G/L | Latest Month End | MS Excel |
| | 22 | Inventory by Warehouse Report (if applicable) | Latest Month End | MS Excel |
| **Cash** | | | | |
| | 23 | Bank Statements and Reconciliations (all accounts) | Latest 4 Months | Pdf |
| | 24 | Disbursement Journal | Latest 6 Months | MS Excel |
| **Taxes** | | | | |
| | 25 | Payroll tax | Payment Support Recent 12 months | Pdf |
| | 26 | Sales Tax  (If applicable) | Payment Support Recent 6 months | Pdf |
| | 27 | Property Tax | Payment Support Recent 12 months | Pdf |
| | 28 | Corporate Tax | Payment Support Recent 12 months | Pdf |
| **Other Documents** | | | | |
| | 29 | Personal Property Insurance Binder | Current Policy / Binder | Pdf |
| | 30 | Schedule of Note Payables (if combined in one G/L act.) | Latest Month End | MS Excel |

# EXHIBIT 5

# EXHIBIT 5

X-3 BALANCE SHEET
(ACCRUAL BASIS ONLY)

| ASSETS | Current Month End | |
|---|---|---|
| Current Assets: | | |
| Unrestricted Cash | 197,623.68 | |
| Restricted Cash | 10,268.00 | |
| Accounts Receivable | 0.00 | |
| Inventory | 2,601,781.29 | |
| Notes Receivable | 325,511.00 | |
| Prepaid Expenses | 24,213.80 | |
| Other (Itemize) | | |
| Total Current Assets | | 3,159,397.77 |
| | | |
| Property, Plant, and Equipment | 4,949,058.68 | |
| Accumulated Depreciation/Depletion | (3,256,125.36) | |
| Net Property, Plant, and Equipment | | 1,692,933.32 |
| | | |
| Other Assets (Net of Amortization): | | |
| Due from Insiders | | |
| Software & Licenses | 4,072,580.00 | |
| Total Other Assets | | 4,072,580.00 |
| | | |
| TOTAL ASSETS | | 8,924,911.09 |
| | | |
| LIABILITIES | | |
| Post-petition Liabilities: | | |
| Accounts Payable | 239,645.26 | |
| Taxes Payable | | |
| Notes Payable | 0.00 | |
| Professional fees | | |
| Secured Debt | 0.00 | |
| Other (Itemize) | | |
| Total Post-petition Liabilities | | 239,645.26 |
| | | |
| Pre-petition Liabilities: | | |
| Secured Liabilities | 652,969.39 | |
| Priority Liabilities | 0.00 | |
| Unsecured Liabilities | 6,256,342.96 | |
| Other (Itemize) | | |
| Total Pre-petition Liabilities | | 6,909,312.35 |
| TOTAL LIABILITIES | | 7,148,957.61 |
| | | |
| EQUITY: | | |
| Pre-petition Owners' Equity | 2,080,631.42 | |
| Post-petition Profit/(Loss) | (304,677.94) | |
| Direct Charges to Equity | | |
| TOTAL EQUITY | | 1,775,953.48 |

TOTAL LIABILITIES & EQUITY                                          8,924,911.09

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 18101 Von Karman Avenue, Suite 510, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S BRIEF IN OPPOSITION TO EAST WEST BANK'S BRIEF ON THE ISSUE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORTITIES; DECLARATIONS OF MARC C. FORSYTHE AND WAYNE SALVINO IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 30, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠      Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) July 30, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Levene Neale Bender Yoo & Brill LLP
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA 90067

☐      Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state the method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 30, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows: Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Mark Wallace, USBC, 411 West Fourth Street, Santa Ana, CA 92701
- Paul L. Branks    Paul.Branks@eastwestbank.com

☐      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 30, 2015 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Kyra E Andrassy    kandrassy@swelawfirm.com, csheets@swelawfirm.com**
- **Carla M Blanc    carla.margolis.blanc@sce.com, carla.margolis.blanc@sce.com**
- **Philip Bonoli    philip.bonoli@leclairryan.com**
- **Gregory G Brown    mhiguchi@bc-llp.com**
- **Glen Dresser    gombd@aol.com**
- **Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com**
- **John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com**
- **Everett L Green    everett.l.green@usdoj.gov**
- **Eve H Karasik    ehk@lnbyb.com**
- **Gary E Klausner    gek@lnbyb.com**
- **Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com**
- **William Malcolm    bill@mclaw.org**
- **Charity J Miller    cmiller@goeforlaw.com, kmurphy@goeforlaw.com**
- **Paul R Rosenbaum    paul@prrlawyers.com**
- **Evan D Smiley    esmiley@swelawfirm.com, gcruz@swelawfirm.com**
- **Nathan F Smith    nathan@mclaw.org, epowers@mclaw.org**
- **United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov**

13