Marc C. Forsythe - State Bar No. 153854
Donald W. Reid – State Bar No. 281743
Charity J. Miller – State Bar No. 286481
**GOE & FORSYTHE, LLP**
18101 Von Karman Ave., Ste. 510
Irvine, CA 92612
Email: mforsythe@goeforlaw.com
        dreid@goeforlaw.com
        cmiller@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for AVT, Inc.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>AVT, INC., a Nevada corporation,<br><br><br>Debtor and Debtor in Possession. | Case No.  6:15-bk-14464 MW<br><br>Chapter 11 Case<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIODS FOR FILING A PLAN OF REORGANIZATION AND OBTAINING ACCEPTANCE OF A PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. § 1121; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF WAYNE SALVINO IN SUPPORT**<br><br>[NO HEARING REQUIRED UNLESS REQUESTED] |

**TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUTPCY JUDGE, OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that the debtor and debtor-in-possession, AVT, Inc., a Nevada corporation ("Debtor"), hereby moves this Court for an extension of time in which the Debtor has the exclusive right to file a Disclosure Statement and Plan of Reorganization, and an extension of time in which Debtor has the exclusive right to obtain acceptance of a chapter 11 Plan of Reorganization.

Debtor filed its chapter 11 petition on May 1, 2015 (the "Petition Date").  In sum, Debtor's exclusivity periods for filing a plan of reorganization and obtaining acceptance of a plan of

1  reorganization (the "Exclusivity Periods") will expire 120 days and 180 days after the Petition

2  Date, on August 31, 2015, and October 28, 2015, respectively. Debtor requests that the

3  Exclusivity Periods be extended for "cause" under 11 U.S.C. §1121(d)(1) from August 31, 2015,

4  to May 1, 2016, and from October 28, 2015, to July 1, 2015, respectively, which extension

5  satisfies Section 1121(d)(2).

6      This Motion is based upon this Notice, the attached Memorandum of Points and

7  Authorities, and the Declaration of Wayne Salvino ("Salvino Declaration") filed concurrently

8  herewith.

9  **IF YOU DO NOT OPPOSE THE MOTION, YOU NEED TAKE NO FURTHER ACTION. IF YOU OBJECT TO THE MOTION, PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1 (o) (1) (A) (ii), OBJECTIONS AND A WRITTEN REQUEST FOR HEARING MUST BE FILED WITH THE COURT WITHIN 17 DAYS OF THE DATE OF SERVICE OF THIS NOTICE, IN THE FORM REQUIRED BY LOCAL BANKRUPTCY RULE 9013-1(o)(1).  YOU MUST FILE YOUR OBJECTION AND REQUEST FOR A HEARING WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT LOCATED AT 3420 TWELFTH STREET, RIVERSIDE, CA 92501. YOU MUST SERVE A COPY OF YOUR OBJECTION TO THE MOTION AND REQUEST FOR A HEARING ON THE DEBTOR'S COUNSEL AT THE ADDRESS INDICATED IN THE UPPER LEFT-HAND CORNER OF THIS NOTICE, AND UPON THE OFFICE OF THE UNITED STATES TRUSTEE LOCATED AT 3801 UNIVERSITY AVENUE, SUITE 720, RIVERSIDE, CA 92501-3200.  UPON RECEIPT OF A WRITTEN OBJECTION AND REQUEST FOR A HEARING, THE DEBTOR'S COUNSEL WILL OBTAIN A HEARING DATE AND GIVE APPROPRIATE NOTICE THEREOF.  ANY FAILURE TO TIMELY FILE AND SERVE OBJECTIONS MAY RESULT IN ANY SUCH OBJECTIONS BEING WAIVED.**

    Respectfully Submitted,

DATED:  July 31, 2015      **GOE & FORSYTHE, LLP**

    By: /s/Marc C. Forsythe
      Marc C. Forsythe
      Attorneys for AVT, Inc.

## **MEMORANDUM OF POINTS AND AUTORITIES**

### I.    **INTRODUCTION**

Debtor and debtor-in-possession, AVT, Inc., a Nevada corporation ("Debtor"), files this Motion for an Order Authorizing Extension of the Exclusive Period for the Filing of a Disclosure Statement and Plan of Reorganization and Acceptance of a Plan Pursuant to 11 U.S.C. §1121 (the "Motion").  Accordingly, pursuant to 11 U.S.C. §1121(b) and (c)(3), Debtor's Exclusivity Periods will expire one hundred and twenty (120) days and one hundred and eighty (180) days, respectively, after the Petition Date (August 31, 2015[1], and October 28, 2015, respectively). Debtor requests that the Exclusivity Periods be extended for "cause" under 11 U.S.C. §1121(d)(1) from August 31, 2015, to May 1, 2016, and from October 28, 2015, to July 1, 2016, respectively.

### II.    **FACTUAL BACKGROUND**

1.    Debtor is a publicly traded company with its primary area of business being the manufacturing and retailing automated vending machines and the development of software and proprietary technologies for the automated vending industry.  [*See* Declaration of Wayne Salvino (the "Salvino Dec."), ¶ 1, filed in herewith and incorporated herein by reference.]

2.    On May 1, 2015, Debtor commenced this case by filing a voluntary petition under chapter 11 of Title 11of the United States Code.  [*See* Salvino Dec. ¶ 2.]

3.    The Debtor is operating its business and managing its affairs as a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee or examiner has been appointed in this case.  [*See* Salvino Dec. ¶ 3.]

4.    Debtor is a large business with hundreds of creditors and thousands of shareholders.  [*See* Salvino Dec. ¶ 4.]

5.    Since the commencement of this case, Debtor has been working to analyze its business obligations, including whether it is a party to any unfavorable contracts that it would benefit from rejecting.  [*See* Salvino Dec. ¶ 5.]

---

[1] 120 days after May 1, 2015, is Saturday, August 29, 2015. Per Fed.R.Bank.P. 9006, the deadline under Section 365(d)(4)(A) therefore is the following Monday, August 31, 2015.

3

6. Debtor has formally mediated and is engaged in continued settlement talks with its largest unsecured creditors, Frescoes Mexican Grill and Francisco Izawa (the "Judgment Creditors"), who hold a judgment against Debtor in the amount of $2,150,000.00 (the "Disputed Judgment"). [*See* Salvino Dec. ¶ 6.]

7. Debtor has filed and is in the process of prosecuting an appeal or the Disputed Judgment in the event a mutually agreeable resolution cannot be reached through negotiations. While Debtor is confident about the merits of its appeal, Debtor is hopeful that a mutually agreeable resolution regarding that dispute can be reached, which will improve Debtor's ability to reorganize and pay Debtor's other unsecured a larger percentage on their allowed claims. For this reason, Debtor expects that an extension will inure to the benefit of a vast majority of its creditors. [*See* Salvino Dec. ¶ 7.]

8. Debtor has also been working with East West Bank ("EWB"), Debtor's only secured creditor who has interest in alleged cash collateral, to value the assets of the company and reach a determination regarding the continued use of cash collateral. [*See* Salvino Dec. ¶ 8.]

9. According to EWB's June, 2015, loan statements, EWB is owed a combined total of $642,485.88. Based on Debtor's June monthly operating report, Debtor believes that its assets are presently worth approximately $8,924,911.09. Debtor has no other secured creditors holding interests in its primary assets. [*See* Salvino Dec. ¶ 9.]

10. Debtor is also a party to a significant number of executory contracts, with hundreds of thousands of dollars at stake, and which obligations require further analysis by Debtor in light of its current and future business needs. [*See* Salvino Dec. ¶ 10.]

11. Debtor obtained Court approval for securing a small amount of post-petition financing in the amount of $100,000.00, at favorable terms to Debtor, by granting that lender an administrative claim. Debtor is generally able to pay its post-petition debts as they come due. [*See* Salvino Dec. ¶ 11.]

\\\
\\\

4

12. Debtor's accountants are in the process of analyzing whether Debtor has valuable net operating losses, which could prove to be a substantial asset in its reorganization plan. [*See* Salvino Dec. ¶ 12.]

## III. <u>ARGUMENT</u>

Under section 1121 of the Bankruptcy Code, a debtor possesses the exclusive right to file a disclosure statement and plan of reorganization and gain acceptance of such plan for 120 days and 180 days, respectively. However, the Exclusivity Periods may be extended for "cause" pursuant to 11 U.S.C. §1121(d)(1), which provides:

> On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180 day period referred to in this section.

11 U.S.C. §1121(d)(1).

What constitutes "cause" depends on the facts and circumstances of the particular case. *See e.g. In re Tony Downs Foods Co.*, 34 B.R. 405, 407 (Bankr. M.N. 1983) (in interpreting the legislative history of § 1121(d), the court stated that "It is clear that both the House and the Senate intended to vest in the Bankruptcy Court, discretion as to whether or not to grant an extension of exclusivity or a reduction of exclusivity and that such a decision should be for cause shown based upon all the facts and circumstances of the particular case."). In making this determination, courts have considered the following factors: 1) The size and complexity of the case; 2) The necessity of sufficient time to negotiate and prepare adequate information; 3) The existence of good faith progress; 4) Whether the debtor is paying its debts as they come due; 5) Whether the debtor has demonstrated reasonable prospects for filing a viable plan; 6) Whether the debtor has made progress negotiating with creditors; 7) The length of time a case has been pending; 8) Whether the debtor is seeking an extension to pressure creditors; and 9) Whether or not unresolved contingencies exist. *In re Service Merchandise Co.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000); *In re Crescent Mfg.*, 122 B.R. 979, 982 (Bankr. N.D. Ohio 1990); *In re McLean Indus. Inc.*, 87

B.R. 830, 834 (Bankr. S.D.N.Y. 1987). *In re Cent. Jersey Airport Servs.*, 282 B.R. 176, 184, 2002 (Bankr. D.N.J. 2002); *See also In re Dow Corning Corp.*, 208 B.R. 661, 664-665 (Bankr. E.D. Mich. 1997) (where the bankruptcy case was previously slowed by litigation, the parties are making progress towards reorganization, and the debtor is financially sound, an extension may be favored); *In the Matter of Homestead Partners, Ltd.*, 197 B.R. 706, 720 (Bankr. N.D. Ga. 1996) (extension granted where presence of complex legal issues occupied much of debtor's opportunity to propose plan).

In this case, cause exists to extend the Exclusivity Periods, within the limitations set forth in Section 1121(d)(2)[2] because: (1) This case is relatively large, with hundreds of creditors and thousands of shareholders; (2) Debtor is a party to a significant number of pre-petition executory contracts, with hundreds of thousands of dollars at stake, and which obligations require further analysis by Debtor in light of its changing business needs; (3) The percentage Debtor will be able to pay its general unsecured creditors will depend on Debtor's ability to reach a resolution of the Disputed Judgment that reduces the amount of the same, which Debtor is diligently working to accomplish by extensive negotiations with the Judgment Creditors and by pursuing an appeal of the Disputed Judgment; (4) Debtor has secured a small post-petition loan in the amount of $100,000.00, at favorable terms to the Debtor, by providing that lender with an administrative claim. Debtor is generally able to pay its post-petition debts as they come due; (5) This case was filed only three months ago, and is relatively new; (6) Debtor is not seeking an extension to pressure creditors but rather, expects that an extension will inure to the benefit of its creditors; and (7) Unresolved contingencies exist in that Debtor's accountants are analyzing whether Debtor possesses net operating losses that may prove a substantial asset for reorganization.

---

[2] 11 U.S.C. Section 1121(d) provides:
**(1)** Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period for the 180-day period referred to in this section.
**(2)** (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter [11 USCS §§ 1101 et seq.].
**(B)** The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter [11 USCS §§ 1101 et seq.].11 USCS § 1121

For the foregoing reasons, cause exists to extend the Section 1121(d)(1) deadlines as requested herein.

## IV. CONCLUSION

WHEREFORE, Debtor respectfully requests entry of an order (i) extending the Debtor's exclusive right to file a disclosure statement and a plan of reorganization and (ii) gain acceptance of a plan of reorganization, to and including May 1, 2016 and July 1, 2016, respectively, and granting the Debtor such other further relief as is just.

DATED: July 31, 2015

Respectfully Submitted,
**GOE & FORSYTHE, LLP**

By: /s/Marc C. Forsythe
    Marc C. Forsythe
    Attorneys for AVT, Inc.

## DECLARATION OF WAYNE SALVINO

I, Wayne Salvino declare and state as follows,

I am the President of AVT, Inc., debtor and debtor-in-possession ("Debtor") in this chapter 11 proceeding. I make this declaration in support of Debtor's Motion for an Order Authorizing Extension of the Exclusive Period for the Filing of a Disclosure Statement and Plan of Reorganization and Acceptance of a Plan Pursuant to 11 U.S.C. §1121 (the "Motion"). The matters stated herein are within my own personal knowledge and if called, I could and would competently testify to the following facts.

1.  Debtor is a publicly traded company with its primary areas of business being the manufacturing and retailing automated vending machines and the development of software and proprietary technologies for the automated vending industry.

2.  On May 1, 2015, Debtor commenced this case by filing a voluntary petition under chapter 11 of Title 11of the United States Code (the "Petition Date").

3.  The Debtor is operating its business and managing its affairs as a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee or examiner has been appointed in this case.

4.  Debtor is a large business with hundreds of creditors and thousands of shareholders.

5.  Since the commencement of this case, Debtor has been working to analyze its business obligations, including whether it is a party to any unfavorable contracts that it would benefit from rejecting.

6.  Debtor has formally mediated and is engaged in continued settlement talks with its largest unsecured creditors, Frescoes Mexican Grill and Francisco Izawa (the "Judgment Creditors"), who hold a judgment against Debtor in the amount of $2,150,000.00 (the "Disputed Judgment").

7.  Debtor has filed and is in the process of prosecuting an appeal or the Disputed Judgment in the event a mutually agreeable resolution cannot be reached through negotiations. While Debtor is confident about the merits of its appeal, Debtor is hopeful that a mutually

agreeable resolution regarding that dispute can be reached, which will improve Debtor's ability to reorganize and restructure its debts, and pay Debtor's other unsecured a larger percentage on their allowed claims. For this reason, Debtor expects that an extension will inure to the benefit of a vast majority of its creditors.

8. Debtor has also been working with East West Bank ("EWB"), Debtor's only secured creditor who has interest in alleged cash collateral, to value the assets of the company and reach a determination regarding the continued use of cash collateral.

9. According to EWB's June, 2015, loan statements, EWB is owed a combined total of $642,485.88. Based on Debtor's June monthly operating report, Debtor believes that its assets are presently worth approximately $8,924,911.09. Debtor has no other secured creditors holding interests in its primary assets.

10. Debtor is also a party to a significant number of executory contracts, with hundreds of thousands of dollars at stake, and which obligations require further analysis by Debtor in light of its current and future business needs.

11. Debtor obtained Court approval for securing a small amount of post-petition financing in the amount of $100,000.00, at favorable terms to Debtor, by granting that lender an administrative claim. Debtor is generally able to pay its post-petition debts as they come due.

12. Debtor's accountants are in the process of analyzing whether Debtor has valuable net operating losses, which could prove to be a substantial asset in its reorganization plan.

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 31st day of July, 2015, at Corona, California.

*Wayne Salivno* (signature)

Wayne Salivno

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 18101 Von Karman Avenue, Suite 510, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIODS FOR FILING A PLAN OF REORGANIZATION AND OBTAINING ACCEPTANCE OF A PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. § 1121; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF WAYNE SALVINO IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 31, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) July 31, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Levene Neale Bender Yoo & Brill LLP
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA 90067

☒    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 31, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Mark Wallace, USBC, 411 West Fourth Street, Santa Ana, CA 92701
- Paul L. Branks    Paul.Branks@eastwestbank.com

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 31, 2015 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

10

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Kyra E Andrassy**   kandrassy@swelawfirm.com, csheets@swelawfirm.com
- **Carla M Blanc**   carla.margolis.blanc@sce.com, carla.margolis.blanc@sce.com
- **Philip Bonoli**   philip.bonoli@leclairryan.com
- **Gregory G Brown**   mhiguchi@bc-llp.com
- **Glen Dresser**   gombd@aol.com
- **Marc C Forsythe**   kmurphy@goeforlaw.com, mforsythe@goeforlaw.com
- **John-Patrick M Fritz**   jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- **Everett L Green**   everett.l.green@usdoj.gov
- **Eve H Karasik**   ehk@lnbyb.com
- **Gary E Klausner**   gek@lnbyb.com
- **Jeffrey S Kwong**   jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- **William Malcolm**   bill@mclaw.org
- **Charity J Miller**   cmiller@goeforlaw.com, kmurphy@goeforlaw.com
- **Paul R Rosenbaum**   paul@prrlawyers.com
- **Evan D Smiley**   esmiley@swelawfirm.com, gcruz@swelawfirm.com
- **Nathan F Smith**   nathan@mclaw.org, epowers@mclaw.org
- **United States Trustee (RS)**   ustpregion16.rs.ecf@usdoj.gov

**SERVED BY OVERNIGHT MAIL**:

| **Debtor** | **United States Trustee** | **Secured Creditor** |
|---|---|---|
| AVT, Inc.<br>341 Bonnie Circle<br>Suite 102<br>Corona, CA 92880 | Everett Green, Esq.<br>United States Trustee<br>3801 University Ave, Ste 720<br>Riverside, CA 92501 | Paul L. Branks, SVP & Regional Manager<br>East West Bank<br>624 South Grand Avenue, Suite 100<br>Los Angeles, CA 90017 |

**20 Largest Unsecured Creditors**

| | | |
|---|---|---|
| Beatrice Hart<br>524 Spring Branch Lane<br>Knoxville, TN 37934 | Cheryl and Max Perry<br>301 E. Horton Rd.<br>Bellingham, WA 98226 | David Stillwell<br>16 Birkshire Dr.<br>Clifton Park, NY 12065 |
| Donald Kimmel<br>17 Keystone Dr.<br>Ladera Ranch, CA 92694 | Fernando Negro<br>1350 E. Flamingo Rd #818<br>Las Vegas, NV 89119 | Field Data Corp.<br>1304 Versante Circle<br>Corona, CA 92881 |
| Firerock Global Capital<br>1040 1st Avenue Suite 190<br>New York, NY | Franz Elizondo Schmelkes<br>1822 Pacific Beach Dr.<br>San Diego, CA 92109 | Franz Elizondo Schmelkes<br>1822 Pacific Beach Dr.<br>San Diego, CA 92109 |
| Frescos Mexican Grill<br>Attn: Francisco Izawa<br>24872 Vista Magnifica<br>Laguna Niguel, CA 92677 | Gene Benge<br>6955 No. Hwy 27<br>Science Hill, KY 42553 | HSB Holdings<br>~~1451 Magnolia Avenue~~<br>~~Suite 246~~<br>~~Riverside, CA 92505~~<br>RTS Unable to Fwd 06-04-15 |
| Jack Gian<br>5606 Ursula Lane<br>Dallas, TX 75229 | Jake Hunsaker<br>1391 Sawyer Ave<br>Simi Valley, CA 93065 | JOFEMAR USA, INC.<br>2200 NW 102nd Ave. Ste 3<br>Miami, FL 33172-2225 |

| | | |
|---|---|---|
| Lela Smith<br>4N558 Hidden Oaks Rd<br>Saint Charles, IL 60175-8511 | Michael Hankins<br>1231 G Street<br>Wasco, CA 93280 | Navitas Lease Corp<br>111 Executive Center Drive, Suite 102<br>Columbia, SC 29210 |
| Paul Ramsdell<br>3 Pitcairn Way<br>Ipswich, MA 01938 | Travis Poindexter<br>705 W Santa Inez Avenue<br>Burlingame, CA 94010 | |
| | **Request for Special Notice** | |
| Touchstone Technology, Inc.<br>c/o LeClairRyan, LLP<br>725 S Figueroa Street, Ste 350<br>Los Angeles, CA 90017 | **Counsel to Committee**<br>Levene Neale Bender et al.<br>10250 Constellation Blvd. #1700<br>Los Angeles, CA 90067 | Securities and Exchange Commission<br>Attn: Sandra W. Lavigna<br>444 South Flower Street, Ste. 900<br>Los Angeles, CA 90071 |